Mr. Bancroft
dissented, and expressed his views as follows: —
I dissent from the report of the majority of the committee upon the question as to whether or not the Framingham ballot should be counted.
There can be no doubt that the mark or cross made in that part of the ballot containing the names of the candidates for representative was intended by the voter to indicate his choice for that office, and it should be counted unless there is some provision of the law which prevents it. The only portion of the statutes cited by the majority as furnishing a reason for rejecting the ballot is a clause from section 173 of chapter 417 of the Acts of 1893, which says : “ If a voter marks more names than there'are persons to be elected to an office, or if for any reason it is impossible to determine the choice of the voter for any office to be filled, his ballot shall not be counted for such office.” In this case he did not mark more names than there were persons to be elected to the office; and the only question open is, whether it is impossible to determine his choice. The ballot contains the names of all candi *85 dates nominated for the various offices to be filled, arranged in groups, the candidates for each office in a separate group, preceded by the name of the office and a direction as to the number to be voted for. With the exception of the candidates for representative, the direction was given, in each case, “ Mark one,” and the voter in every such case in which he voted made a cross in the prepared square opposite the name of a candidate. At the head of the list of candidates for representative was the direction, “ Mark two,” and the voter made a larger cross outside of, and at the right of, the squares, with its intersection as nearly opposite the line separating two names as could readily be made, except by an experienced artist. He had a right to vote for both of these candidates. The placing of the larger cross so that it would naturally designate both, when contrasted with his method of marking in all cases where he had a right to vote for only one, would seem to make it perfectly clear that it was his intention to vote for both.
Assuming that it appears clearly to be the intention of the voter to indicate his choice, by the one cross, of the two candidates he wished elected, there is nothing in the statutes which forbids its being counted for both. As the uniform rule in this Commonwealth, as laid down by the supreme judicial court and by previous legislatures, requires that effect be given to the intention of the voter, if possible, this vote should be counted.